IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Vincent Barr 245797,** | ) | C/A 2:05-1557-CMC-RSC |
| | ) | |
| Plaintiff, | ) | **OPINION AND ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| **Jon Ozmint, Director,** | ) | |
| **Major Smith,** | ) | |
| **Captain C. Theodore,** | ) | |
| **Raymond Reed, Warden,** | ) | |
| _____ | ) | |

RECEIVED
USDC CLERK, COLUMBIA, SC
2005 JUL 12 P 3: 05

Based upon the authority of *Anderson v. XYZ Correctional Health Services, Inc., et al.,*

No. 04-6885 (copy attached), the court declines to adopt the Report and Recommendation of the

Magistrate Judge entered June 16, 2005.

This matter is referred back to the Magistrate Judge for further proceedings.

**SO ORDERED.**

CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 12, 2005

O:\Civil Orders\PRISONER.OBJ\1983.ORD\05-1559 Barr v. Ozmint order declining R&R.wpd

407 F.3d 674
407 F.3d 674
**(Cite as: 407 F.3d 674)**
C

Briefs and Other Related Documents

United States Court of Appeals,
Fourth Circuit.
Rodney Elmer ANDERSON, Plaintiff-Appellant,
v.
XYZ CORRECTIONAL HEALTH SERVICES,
INC.; Ronald J. Angelone; D.A. Garraghty;
M.C. Millard; John Doe; Doctor Swetter,
Defendants-Appellees,
and
Andrew J. Winston; James A. Smith; K.W. Davis;
Mr. Zummer; Marsha Foresman,
Defendants.
No. 04-6885.

Argued: Feb. 2, 2005.
Decided: May 17, 2005.

Background: State prison inmate brought §1983
Eighth Amendment action against state corrections
officials, alleging failure to provide proper medical
treatment. The United States District Court for the
Eastern District of Virginia, Gerald Bruce Lee, J.,
dismissed action sua sponte for failure to plead
exhaustion of administrative remedies under Prison
Litigation Reform Act (PLRA). Inmate appealed.

Holdings: The Court of Appeals, Traxler, Circuit
Judge, held that:
  (1) inmate's failure to allege exhaustion does not
constitute failure to state claim;
  (2) failure to exhaust is affirmative defense; and
  (3) court may raise exhaustion issue sua sponte, but
generally may not dismiss without giving inmate
chance to respond.
Reversed and remanded.

West Headnotes

[1] Convicts ☞6
98k6
Prison Litigation Reform Act's (PLRA) exhaustion
requirement is not a jurisdictional requirement. Civil
Rights of Institutionalized Persons Act, § 7(a), 42
U.S.C.A. § 1997e(a).

[2] Convicts ☞6
98k6
Mandatory nature of exhaustion requirement of
Prison Litigation Reform Act (PLRA) does not
render it a pleading requirement, i.e., does not impose

obligation on inmate who brings action challenging
prison conditions to plead exhaustion in his
complaint. Civil Rights of Institutionalized Persons
Act, § 7(a), 42 U.S.C.A. § 1997e(a).

[3] Convicts ☞6
98k6
Inmate's failure to allege exhaustion of remedies,
when bringing federal action challenging prison
conditions, does not amount to failure to state claim
upon which relief can be granted under Prison
Litigation Reform Act (PLRA). Civil Rights of
Institutionalized Persons Act, § 7(a), (c)(1), 42
U.S.C.A. § 1997e(a), (c)(1).

[4] Convicts ☞6
98k6
Inmate's failure to exhaust administrative remedies
before bringing federal action challenging prison
conditions, in contravention of Prison Litigation
Reform Act's (PLRA) requirement, is affirmative
defense to be raised by defendant; Act does not
impose heightened pleading obligation on inmate.
Civil Rights of Institutionalized Persons Act, § 7(a),
42 U.S.C.A. § 1997e(a).

[5] Convicts ☞6
98k6
Federal district court hearing inmate's action
challenging prison conditions may, on its own
motion, raise issue of inmate's exhaustion of remedies
under Prison Litigation Reform Act's (PLRA)
exhaustion requirement; however, court may not
dismiss for failure to exhaust without first giving
inmate opportunity to address issue, unless such
failure is apparent from face of complaint. Civil
Rights of Institutionalized Persons Act, § 7(a), (c)(1),
42 U.S.C.A. § 1997e(a), (c)(1).
  *675 ARGUED: Jeffrey Bromme, Arnold & Porter,
L.L.P., Washington, D.C., for Appellant. Joel
Christopher Hoppe, Assistant Attorney General,
Office of the Attorney General of Virginia,
Richmond, Virginia, for Appellees. ON BRIEF:
Elizabeth A. High, Arnold & Porter, L.L.P.,
Washington, D.C., for Appellant. Jerry W. Kilgore,
Attorney General of Virginia, Richard L. Savage, III,
Deputy Attorney General, Richmond, Virginia, for
Appellees Ronald J. Angelone, D.A. Garraghty, and
M.C. Millard.

  Before MOTZ, TRAXLER, and SHEDD, Circuit
Judges.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

407 F.3d 674
(Cite as: 407 F.3d 674, *675)

Reversed and remanded by published opinion. Judge TRAXLER wrote the opinion, in which Judge MOTZ and Judge SHEDD joined.

OPINION

TRAXLER, Circuit Judge:

The Prison Litigation Reform Act (the "PLRA") requires that inmates exhaust all administrative remedies before filing an action challenging prison conditions under federal law. *See* 42 U.S.C.A. § 1997e(a) (West 2003). The question in this case is whether this requirement imposes a heightened pleading obligation on the inmate, such that a district court may *sua sponte* dismiss a complaint that fails to allege exhaustion of remedies. While the circuit courts have not spoken uniformly, most of the courts that have considered the question have held that exhaustion of administrative remedies is not a pleading requirement. In this case, however, the district court was persuaded by the minority approach and concluded that exhaustion must be alleged in the complaint. The court therefore *sua sponte* dismissed a complaint filed by Rodney Anderson for failure to sufficiently allege exhaustion. Anderson appeals.

We conclude that the PLRA does not require a prisoner to allege that he has exhausted his administrative remedies, so that a district court may not dismiss a complaint that fails to allege exhaustion, at least not before giving the prisoner an opportunity to address the exhaustion question. Accordingly, we reverse the decision of the district court and remand for further proceedings.

*676 I.

Rodney Anderson was an inmate in the custody of the Michigan state prison system. In 1999, however, he was transferred to a prison in Virginia, where he was housed for approximately ten months. While in Virginia, Anderson broke his arm, and he claims that the Virginia officials failed to provide him proper medical treatment.

In 2002, Anderson filed a complaint against various Virginia prison officials. In his complaint, Anderson asserted, by way of § 1983, that the defendants violated the Eighth Amendment. Anderson also included various claims under state law. Two of the defendants filed a motion to dismiss, contending the federal claims were not cognizable under § 1983 and that the state claims were barred under various Virginia statutes of limitation. Anderson filed a

response in which he addressed the claims raised by Virginia in its motion to dismiss.

The district court thereafter dismissed Anderson's complaint on an issue not raised in the motion to dismiss--Anderson's failure to plead in his complaint that he had exhausted his administrative remedies. [FN1] Anderson filed a motion to reconsider, arguing that he had not been given an opportunity to address the exhaustion issue. The district court denied the motion, and this appeal followed.

FN1. Although one of the defendants alleged in his answer that Anderson failed to exhaust his administrative remedies, that defendant did not file a motion to dismiss.

II.

In response to an ever-growing number of prison-condition lawsuits that were threatening to overwhelm the capacity of the federal judiciary, Congress in 1996 passed the Prison Litigation Reform Act. *See Para-Prof'l Law Clinic v. Beard,* 334 F.3d 301, 303 (3d Cir.2003) ("Congress enacted the PLRA in an apparent effort ... to discourage prisoners from filing frivolous lawsuits which strain the judiciary's scarce resources...."); *Doe v. Washington County,* 150 F.3d 920, 924 (8th Cir.1998) ("The PLRA was designed to discourage the initiation of litigation by a certain class of individuals--prisoners--that is otherwise motivated to bring frivolous complaints as a means of gaining a short sabbatical in the nearest Federal courthouse." (internal quotation marks omitted)). The PLRA imposes a number of restrictions on an inmate's ability to initiate civil litigation. For example, after the PLRA, inmates can no longer use the *in forma pauperis* statute to avoid paying filing fees, but must instead pay all filing fees without regard to their financial status. *See* 28 U.S.C.A. § 1915(b)(1) (West Supp.2004). The PLRA also authorizes a district court to *sua sponte* dismiss prison-condition lawsuits "if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C.A. § 1997e(c).

Of importance to this case is the PLRA's exhaustion-of-remedies requirement. As a general rule, plaintiffs proceeding under § 1983 need not exhaust state administrative remedies before filing suit. *See Porter v. Nussle,* 534 U.S. 516, 523, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Patsy v. Board of Regents,* 457 U.S. 496, 516, 102 S.Ct. 2557, 73 L.Ed.2d 172

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(1982). The PLRA, however, reversed that rule as to prison-condition lawsuits. *See* 42 U.S.C.A. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *677 until such administrative remedies as are available are exhausted."). There is no doubt that the PLRA's exhaustion requirement is mandatory. *See Porter*, 534 U.S. at 524, 122 S.Ct. 983 ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." (citations and internal quotation marks omitted)). The question we must answer is whether this exhaustion-of-remedies requirement is a pleading requirement as well, such that a complaint is subject to dismissal if it fails to include an allegation that the inmate has exhausted his administrative remedies.

A majority of the circuit courts of appeals considering the question have concluded that exhaustion of administrative remedies need not be alleged by the plaintiff in his complaint but is instead an affirmative defense to be raised by the defendant. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.2003); *Casanova v. Dubois*, 304 F.3d 75, 77 (1st Cir.2002); *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir.2002); *Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir.2001); *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir.1999); *Jenkins v. Haubert*, 179 F.3d 19, 28-29 (2d Cir.1999); *see also Jackson v. District of Columbia*, 254 F.3d 262, 267 (D.C.Cir.2001) (suggesting but not directly holding that exhaustion is an affirmative defense). Only two circuits have concluded that exhaustion is a pleading requirement borne by the plaintiff, so that failure to allege exhaustion makes the complaint subject to dismissal by the district court. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209 (10th Cir.2003); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998) (per curiam). As we explain below, we agree with the majority approach and conclude that the PLRA does not require that an inmate allege in his complaint that he has exhausted all administrative remedies.

### A.

If the PLRA's exhaustion-of-remedies requirement

were one that implicated the district court's subject-matter jurisdiction, then there would be no question that an inmate would be obliged to allege exhaustion in his complaint. *See Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir.1999) ("Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction. Thus the facts providing the court jurisdiction must be affirmatively alleged in the complaint." (citation omitted)); Fed.R.Civ.P. 8(a) (stating that complaints must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends").

[1] Every court to have considered the question has concluded that § 1997e(a)'s exhaustion requirement is not a jurisdictional requirement. *See Steele*, 355 F.3d at 1208; *Richardson v. Goord*, 347 F.3d 431, 434 (2d Cir.2003) (per curiam); *Casanova v. Dubois*, 289 F.3d 142, 147 (1st Cir.2002); *Ali v. District of Columbia*, 278 F.3d 1, 5-6 (D.C.Cir.2002); *Wright v. Hollingsworth*, 260 F.3d 357, 358 n. 2 (5th Cir.2001) ; *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir.2000); *Nyhuis v. Reno*, 204 F.3d 65, 69 n. 4 (3d Cir.2000); *Massey*, 196 F.3d at 732; *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir.1999); *Rumbles v. Hill*, 182 F.3d 1064, 1068 (9th Cir.1999), *overruled on other grounds by Booth v. Churner*, 532 U.S. 731, 740-41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). We agree.

*678 While Congress could have provided that a district court lacks subject-matter jurisdiction in prison-condition cases unless the inmate has exhausted his administrative remedies, the PLRA does not do that. To the contrary, the structure of the PLRA itself clearly indicates that exhaustion of remedies is *not* a jurisdictional requirement.

Section 1997e(c)(2) states that:
> In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

42 U.S.C.A. § 1997e(c)(2). Section 1997e(c)(2) clearly contemplates the dismissal on the merits of some claims that have not been exhausted. Because a district court must have subject-matter jurisdiction before it can dismiss a claim on the merits, failure to exhaust can-not be viewed as affecting the district court's subject-matter jurisdiction over the claim. *See*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Chelette,* 229 F.3d at 687 ("Because the existence of jurisdiction is a prerequisite to the evaluation and dismissal of a claim on its merits, it follows that jurisdiction is not divested by the failure to exhaust administrative remedies."); *Underwood v. Wilson,* 151 F.3d 292, 295 (5th Cir.1998) (per curiam) ("The statute provides that the court may dismiss such claims without requiring the exhaustion of administrative remedies. The court would not be empowered to do so if the exhaustion provision deprived the court of jurisdiction over the action." (citation omitted)). We therefore conclude that the PLRA's exhaustion-of-remedies requirement does not operate as a bar to the district court's exercise of its subject-matter jurisdiction.

### B.
Because exhaustion of remedies is not a jurisdictional requirement, we must determine whether the PLRA otherwise makes exhaustion a pleading requirement.

[2] The appellate courts that have found exhaustion to be a pleading requirement--to date, only the Sixth and Tenth Circuits--have focused on the fact that the exhaustion of remedies required by the PLRA is mandatory. *See Porter,* 534 U.S. at 524, 122 S.Ct. 983 ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."). These courts concluded, in essence, that because exhaustion is mandatory under the PLRA, then it must be a pleading requirement. The Tenth Circuit's analysis in *Steele* is illustrative:

> Our ... conclusion is compelled by the Supreme Court's emphasis on the mandatory nature of exhaustion, implications of the PLRA statutory scheme, the structure of the Rules of Civil Procedure and our own precedent. We decline to characterize exhaustion as an affirmative defense because it cannot be waived. Under Federal Rule of Civil Procedure 8(c), a failure to plead an affirmative defense results in a waiver of that defense....
>
> ... [C]lassification of the PLRA's exhaustion requirement as an affirmative defense means that defendants may choose to ignore it for their own strategic reasons. This court, however, has warned against trivializing the Supreme Court's holding that exhaustion is now mandatory.

*Steele,* 355 F.3d at 1209 (citations, internal quotation marks, and alterations omitted). While the Sixth Circuit's analysis of the issue is abbreviated, concerns similar to those articulated by the Tenth Circuit seem to have guided its decision. *See Brown,*

139 F.3d at 1104 ("In light of the *679 plain mandatory language of the statute regarding exhaustion of remedies, the legislative purpose underlying the plain language, and the sound policy on which it is based, this court will henceforth require that prisoners filing § 1983 cases involving prison conditions must allege and show that they have exhausted all available state administrative remedies."); *see also Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000) (explaining that the rule announced in *Brown* was necessary because the PLRA provides that "no action shall be brought until all available administrative remedies are exhausted" and requiring plaintiff to allege exhaustion permits the district court to "intelligently decide if the issues raised can be decided on the merits").

These circuits thus seem to view the PLRA as having created a requirement that is not jurisdictional, but yet is not forfeitable, such that compliance with the requirement must be addressed *sua sponte* by the district court. This circuit, however, has rejected that sort of analysis, albeit in a different context. *See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.,* 369 F.3d 385 (4th Cir.2004) (en banc).

In *Brickwood,* we concluded that the "safe-harbor" provision governing the imposition of sanctions under Rule 11, *see* Fed.R.Civ.P. 11(c)(1)(A), created a mandatory condition precedent to the imposition of sanctions under the rule. [FN2] *See id.* at 389. However, because Rule 11(c)(1)(A) does not implicate the district court's subject-matter jurisdiction, *see id.* at 392, we concluded that the safe-harbor protections, though mandatory, could be forfeited by a defendant who fails to timely raise them, *see id.* at 396. In reaching that conclusion, we rejected the suggestion that there might be a category of rules "which do not implicate a court's subject-matter jurisdiction, but are nonetheless not forfeitable by a party, and which must be enforced by a court without regard to whether compliance with the rule was timely (or ever) raised by the appropriate party." *Id.* at 395.

FN2. The Rule 11 language at issue in *Brickwood* is similar to the PLRA language at issue in this appeal. The PLRA provides that no prison-conditions action "shall be brought" unless the plaintiff has exhausted his administrative remedies. 42 U.S.C.A. § 1997e(a). Rule 11's safe-harbor provision states that a motion seeking sanctions "shall not be filed with or presented to the court" unless the party seeking sanctions served the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

motion on the other party at least twenty-one days before the motion is filed with the court. Fed.R.Civ.P. 11(c)(1)(A).

Our decision in *Brickwood,* of course, does not directly control our disposition of this case. [FN3] Nonetheless, we think that the analysis in *Brickwood* suggests that it would be improper to conclude, as did the Sixth and Tenth Circuits, that simply because the PLRA's exhaustion requirement is mandatory, it cannot be waived or forfeited by the defendant. *Cf. Kontrick v. Ryan,* 540 U.S. 443, 456, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) (noting the difference between a rule of subject-matter jurisdiction and a mandatory but non-jurisdictional rule: "[A] court's subject-matter jurisdiction*680 cannot be expanded to account for the parties' litigation conduct; a claim-processing rule, on the other hand, *even if unalterable on a party's application,* can nonetheless be forfeited if the party asserting the rule waits too long to raise the point." (emphasis added)); *Perez v. Wisconsin Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir.1999) ("Filing suit before exhausting prison remedies ... is *not the sort of defect that judges must notice* even if the defendant is happy to contest the suit on the merits.... The statute gives prisons and their officials a valuable entitlement--the right *not* to face a decision on the merits--which courts must respect *if a defendant chooses to invoke it.*" (first and third emphasis added)). Accordingly, we reject any suggestion that the mandatory nature of the PLRA's exhaustion requirement compels the conclusion that exhaustion of remedies must be alleged by an inmate in his complaint.

FN3. While this case involves the effect of a mandatory statute, at issue in *Brickwood* was the effect of a mandatory court rule. As mentioned above, Congress by statute can restrict the district court's subject-matter jurisdiction. Court rules, however, cannot restrict jurisdiction that has been created by statute. *See Kontrick v. Ryan,* 540 U.S. 443, 452, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) ("Only Congress may determine a lower federal court's subject-matter jurisdiction."); *Owen Equip. Erection Co. v. Kroger,* 437 U.S. 365, 370, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) ("[I]t is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction.").

C.

[3] In our view, the question of whether the PLRA's exhaustion requirement imposes a heightened pleading obligation on the plaintiff is one that is

answered by a simple review of the relevant statutory language.

The PLRA specifies that district courts shall *sua sponte* dismiss certain prison-condition complaints:

The court shall on its own motion or on the motion of a party dismiss any action ... if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

42 U.S.C.A. § 1997e(c)(1). The exhaustion-of-remedies requirement is contained in the same statutory section-- § 1997e(a), just a few printed lines before the subsection listing grounds for dismissal. Under these circumstances, it seems to us that the absence of failure-to-exhaust as grounds for dismissal in § 1997e(c)(1) must be viewed as an intentional congressional omission.

Congress had not forgotten about the need for exhaustion, but chose not to include failure to exhaust among the grounds for which the court could dismiss sua sponte. Inasmuch as the omission of failure to exhaust from the categories explicitly permitting sua sponte dismissal is found in § 1997e, the same section of the PLRA that sets out the exhaustion requirement, the inference is inescapable that Congress did not intend to include failure to exhaust among the categories justifying sua sponte dismissal.

*Ray,* 285 F.3d at 296 (footnotes omitted); *see also United States v. Vonn,* 535 U.S. 55, 65, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002) (explaining that the statutory-construction canon *expressio unius est exclusio alterius* is applicable to statutes that refer to members of an "associated group or series," so as to justify the inference that the items not mentioned were excluded deliberately rather than inadvertently); *Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (internal quotation marks and alteration omitted)).

Moreover, in § 1997e(c)(2), Congress made it clear that when dismissing a complaint under a ground listed in § 1997e(c)(1), the district court need not first require the inmate to exhaust his administrative remedies. *See* 42 U.S.C.A. § 1997e(c)(2) ("In the event that a claim is, *681 on its face, frivolous, malicious, fails to state a claim upon which relief can

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim *without first requiring the exhaustion of administrative remedies.*" (emphasis added)). This statutory directive further demonstrates that Congress clearly considered the interplay of the exhaustion requirement with the district court's obligation to dismiss some complaints *sua sponte,* and yet decided not to include failure to exhaust as a basis for *sua sponte* dismissal. It thus is not for us to read failure-to-exhaust into § 1997e(c)(2). *See, e.g., United States v. Brandon,* 247 F.3d 186, 190 (4th Cir.2001) (noting "the fundamental principle of statutory construction that courts are obligated to give effect to Congress's decision to use different language in proximate subsections of the same statute." (internal quotation marks omitted)); *United States v. Childress,* 104 F.3d 47, 53 (4th Cir.1996) ("Congress' role is to enact statutes; the judiciary's to interpret those statutes as written.").

The defendants, however, argue that because exhaustion is mandatory, failing to allege exhaustion is the equivalent of failing to state a claim upon which relief can be granted. Thus, according to the defendants, a district court may, pursuant to § 1997e(c)(2), dismiss a complaint that does not allege exhaustion. We disagree.

If Congress had been less precise when drafting the PLRA, then perhaps this argument would be more persuasive. But § 1997e(c) quite clearly does *not* treat a failure to allege exhaustion as the equivalent of a failure to state a claim. As noted above, § 1997e(c)(1) requires a district court to dismiss a complaint that fails to state a claim for which relief can be granted, while § 1997e(c)(2) states that the court may dismiss a complaint under subsection (c)(1) without first requiring the inmate to exhaust his administrative remedies. If, as the defendants argue, "failure to state a claim included failure to exhaust for purposes of Section 1997e(c), then paragraph (2) would carry the highly improbable meaning that courts may dismiss for failure to exhaust administrative remedies without first requiring exhaustion of administrative remedies." *Snider v. Melindez,* 199 F.3d 108, 111 (2d Cir.1999). Accordingly, we reject the contention that an inmate's failure to allege exhaustion of remedies amounts to a failure to state a claim upon which relief can be granted.

D.

[4][5] In our view, the language and structure of the PLRA make it clear that an inmate is not required to allege exhaustion of remedies in his § 1983 prison-conditions complaint. Instead, an inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant. *See, e.g., Wyatt,* 315 F.3d at 1119 ("[N]onexhaustion under § 1997e(a) of the PLRA does not impose a pleading requirement. We hold that § 1997e(a) creates a defense-- defendants have the burden of raising and proving the absence of exhaustion."); *Ray,* 285 F.3d at 295 ("We thus join the many other circuits that have held that failure to exhaust is an affirmative defense to be pleaded by the defendant."); *Foulk,* 262 F.3d at 697 ("[R]eliance upon the PLRA exhaustion requirement is an affirmative defense...."). We pause to emphasize, however, that our determination that failure-to-exhaust is an affirmative defense does not foreclose in all cases the possibility of a *sua sponte* dismissal on exhaustion grounds.

In *Nasim v. Warden,* 64 F.3d 951 (4th Cir.1995) (en banc), we concluded that the *682 district court's authority to *sua sponte* dismiss an *in forma pauperis* case as frivolous was broad enough to permit the court to dismiss a complaint on the basis of an affirmative defense that was apparent from the facts alleged in the complaint. *See id.* at 954-55; *see also Todd v. Baskerville,* 712 F.2d 70, 74 (4th Cir.1983) (affirming § 1915(d) dismissal of actions which appeared on their face to be barred by statute of limitations). [FN4] While it seems unlikely that the failure to exhaust administrative remedies will often be apparent from the face of a complaint, it is certainly possible that a complaint may clearly show that an inmate has not exhausted his administrative remedies. In such a case, *sua sponte* dismissal under *Nasim* would be appropriate.

FN4. *Nasim* was decided before the PLRA was enacted, and it involved 28 U.S.C.A. § 1915 (West Supp.2004), the generally applicable *in forma pauperis* ("IFP") statute. Nonetheless, *Nasim* is applicable to PLRA cases. The PLRA and the IFP statute are closely related. Many sections of the PLRA are simply amendments to the IFP statute, and most of the cases now brought under the PLRA would previously have been brought under the IFP statute. Moreover, *Nasim* 's holding was premised on the broad discretion that the IFP statute gave the district court to screen out meritless cases, *see Nasim,* 64 F.3d at 954-55, discretion that likewise forms an integral part of the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

407 F.3d 674
(Cite as: 407 F.3d 674, *682)

PLRA, *see* 42 U.S.C.A. § 1997e(c).

Moreover, we have recognized in the habeas context that a district court has the authority to *sua sponte* raise an affirmative defense (timeliness of the habeas filing) as grounds for dismissal, so long as the court gives the petitioner an opportunity to respond. *See McMillan v. Jarvis,* 332 F.3d 244, 249-50 (4th Cir.2003); *Hill v. Braxton,* 277 F.3d 701, 706-07 (4th Cir.2002). We found such an approach proper because the statutory time-limit for filing habeas petitions "implicates values beyond the interests of the parties and, in particular, promotes judicial efficiency and conservation of judicial resources." *Hill,* 277 F.3d at 706 (internal quotation marks omitted). Similar concerns of efficiency and conservation of scarce judicial resources, of course, underlie the PLRA in general and its exhaustion requirement in particular. *See, e.g., Porter,* 534 U.S. at 524-25, 122 S.Ct. 983 ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy." (citations and internal quotation marks omitted)). In the context of PLRA claims, then, we believe it is appropriate to recognize that district courts have the same authority to inquire into the applicability of an affirmative defense as in the habeas context. Such a conclusion gives some teeth to the PLRA's exhaustion requirement, yet does not do a disservice to the statutory language carefully chosen by Congress.

Accordingly, we conclude that a district court may raise the issue of exhaustion of remedies on its own motion. Except in the rare case where failure to exhaust is apparent from the face of the complaint, however, a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue. [FN5] *\*683 See Snider v. Melindez,* 199 F.3d 108, 113 (2d Cir.1999) ("[W]hile the district court was free to [raise exhaustion of remedies] on its own motion, it erred in dismissing the complaint without giving Snider notice and an opportunity be heard in opposition."); *cf. McMillan,*

332 F.3d at 249-50 (explaining that a district court may not *sua sponte* dismiss a habeas petition as untimely without first giving the petitioner an opportunity to respond).

> FN5. District courts taking this approach must exercise caution. To determine whether an inmate has exhausted his administrative remedies requires an understanding of the remedies available and thus likely would require information from the defendant as well as the inmate. *See Mojias v. Johnson,* 351 F.3d 606, 610-11 (2d Cir.2003); *Snider,* 199 F.3d at 113-14.

### III.

Accordingly, for the foregoing reasons, we conclude that the PLRA's exhaustion-of-remedies requirement does not impose a heightened pleading obligation on an inmate. Instead, an inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies. Because the district court in this case dismissed Anderson's complaint on exhaustion grounds without giving him an opportunity to respond to the issue, [FN6] we reverse the judgment of the district court and remand for further proceedings. Given our disposition of this issue, we need not consider whether Anderson sufficiently alleged exhaustion in his complaint, as he contends. We likewise decline to consider whether the PLRA's requirements apply to claims brought under state law. [FN7]

> FN6. Although Anderson filed a motion under Rule 59(e) in which he asserted that he had exhausted his remedies, a motion to alter or amend the judgment does not provide an inmate with an adequate opportunity to address the exhaustion issue. *See Hill v. Braxton,* 277 F.3d 701, 708 (4th Cir.2002) ("Rule 59(e) is not an adequate avenue for the petitioner to pursue a tolling argument because it affords a narrower basis for relief than is available prior to entry of a judgment.").

> FN7. We note that the defendants contend that the district court's decision should be affirmed because Anderson's claims are

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

407 F.3d 674
**(Cite as: 407 F.3d 674, \*683)**

barred by the statute of limitations. The district court did not address that issue, and the defendants did not file a cross-appeal. We therefore decline to consider the statute of limitations issue. *See El Paso Nat. Gas Co. v. Neztsosie,* 526 U.S. 473, 479, 119 S.Ct. 1430, 143 L.Ed.2d 635 (1999); *Tug Raven v. Trexler,* 419 F.2d 536, 548 (4th Cir.1969). The district court is free to consider *de novo* that issue (and any other not directly addressed in this opinion) should it arise on remand.

*REVERSED AND REMANDED*

407 F.3d 674

Briefs and Other Related Documents (Back to top)

.                        04-6885                    (Docket) (May. 25, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.