RECEIVED
USDC CLERK, CHARLESTON, SC

2005 OCT 13  A 11: 30

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Vincent L. Barr, #245797,         )   C. A. No. 2:05-1557-CMC-RSC
                                  )
            Plaintiff,            )
                                  )
      -versus-                    )        **O R D E R**
                                 .)
Jon Ozmint, Director, Major       )
Smith, Captain C. Theodore,       )
Raymond Reed, Warden,             )
                                  )
            Defendants.           )

The plaintiff moves to strike the defendants' answer in accord with Rule 12(f) Federal Rules of Civil Procedure. Rule 12(f) provides as follows:

> "Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The plaintiff here supports his motion, however, simply by asserting that the defendant cannot prevail on the defenses raised and therefore they should be struck. "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.' 5A A. Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, 647 (2d ed.1990). Nevertheless, 'a defense that might confuse the issues in the case and would not, under the facts alleged,

constitute a valid defense to the action can and should be deleted.' Id. § 1381 at 665." Waste Management Holdings, Inc. v. Gilmore, 252 F.3d 316, 346 (4th Cir. 2001).

Here eighteen defenses have been raised on behalf of the defendants. They are: (1) denial, (2) failure to state a claim, (3) frivolousness, (4) denial, (5) immunity, (6) Eleventh Amendment immunity, (7) sovereign immunity, (8) inapplicability of respondeat superior, (9) qualified immunity, (10) immunity and applicability of the South Carolina Tort Claims Act, (11) provisions of the South Carolina Tort Claims Act, (12) damages cap of the South Carolina Tort Claims Act, (13) proximate cause, (14) comparative negligence of the plaintiff, (15) demand for apportionment of negligence, (16) third party negligence, 17) intervening negligence, and 18) failure to exhaust administrative remedies.

Rule 8(b) through 8(f) of the Federal Rules of Civil Procedure provide:

> (b) DEFENSES; FORM OF DENIALS. A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of an averment, the pleader shall specify so much of it as is true and material and shall deny only the remainder. Unless the pleader intends in good faith to controvert

2

all the averments of the preceding pleading, the pleader may make denials as specific denials of designated averments or paragraphs or may generally deny all the averments except such designated averments or paragraphs as the pleader expressly admits; but, when the pleader does so intend to controvert all its averments, including averments of the grounds upon which the court's jurisdiction depends, the pleader may do so by general denial subject to the obligations set forth in Rule 11.

(c) AFFIRMATIVE DEFENSES. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

(d) EFFECT OF FAILURE TO DENY. Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

(e) PLEADING TO BE CONCISE AND DIRECT; CONSISTENCY.

(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.

(2) A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many

3

>    separate claims or defenses as the party has
>    regardless of consistency and whether based on
>    legal, equitable, or maritime grounds. All
>    statements shall be made subject to the
>    obligations set forth in Rule 11.
>    (f) CONSTRUCTION OF PLEADINGS. All pleadings shall
>    be so construed as to do substantial justice.

Here the plaintiff has not pointed specifically to any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter which by right should be stricken. Likewise the defendants' answer, while perhaps not pled with a high degree of precision, conciseness and directness, does not contain any matters which are required to be stricken. Additionally the court is required to construe all pleadings as to do substantial justice. Therefore, the plaintiff's motion is denied.

**AND IT IS SO ORDERED.**

_____
ROBERT S. CARR
UNITED STATES MAGISTRATE JUDGE

Charleston, South Carolina

October 13, 2005

4