RECEIVED
USDC CLERK, CHARLESTON, SC
2006 JAN 25 P 3: 00

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vincent L. Barr, #245797, | C. A. No. 2:05-1557-CMC-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Jon Ozmint, Director, Major Smith, Captain C. Theodore, Raymond Reed, Warden, | |
| Defendants. | |

This civil rights action brought pursuant to 42 U.S.C. § 1983 by Vincent L. Barr, a state prisoner, proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion for summary judgment. 28 U.S.C. § 636(b).

On June 13, 2005, the plaintiff sued Jon Ozmint, Director of the South Carolina Department of Corrections (SCDC), Major Smith, Captain C. Theodore, and Raymond Reed, Warden of Manning Correctional Institution (MCI), a facility of the SCDC. The plaintiff complains that his due process rights and his right to be free of cruel and unusual punishment under the United States Constitution were violated by the defendants when he was housed in the special management unit as a result of a prison rules violation. He asserts that the defendants' actions also violate SCDC procedures and that he has a protected liberty interest in remaining in the general prison population. The plaintiff indicated in his sworn complaint that while MCI did have a

grievance procedure available he did not file a grievance concerning the matters of which he complained. The plaintiff seeks restoration of good time credits, injunctive relief, and attorney fees.

A recommendation of summary dismissal was rejected by the court on July 12, 2005. Thereafter the defendant answered the complaint on September 12, 2005, and raised various defenses including an affirmative defense that the plaintiff had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), which failure bars the action as a matter of law. The plaintiff then filed a motion to strike the answer in which he urged the court to carefully review the defenses raised in the answer since "there is no way that all of them can be legal." The defendants filed an opposition to the motion and the undersigned denied the motion by order of October 13, 2005.

On December 15, 2005, the defendants filed a motion for summary judgment with exhibits and the affidavits of Raymond Smith, Raymond Reed, and Claborn Theodore, in which the defendants pressed the plaintiff's failure to exhaust administrative remedies and other grounds for judgment. On December 20, 2005, the plaintiff was provided a copy of the defendants' summary judgment motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent

extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

On January 6, 2006, the plaintiff filed three pleadings denominated "Affidavit in support of the prosecution of perjury and mail fraud of Raymond Smith", "Affidavit in support of the prosecution of perjury and mail fraud of Raymond Reed", and "Affidavit in support of the prosecution of perjury and mail fraud of Claborn Theodore" in which he asks the court to order the prosecution of the defendants' affiants "for [their] attempts to minipulate (sic) the government and the court through perjury and fraud." Also on January 6, 2006, the plaintiff filed a memorandum of law in opposition to the defendants' summary judgement motions in which he indicated that he filled out an "Inmate Request to Staff Member" addressed to the Warden as his manner of seeking an administrative remedy. He also argued that he is not required to follow the grievance procedure of the SCDC because the SCDC grievance procedure "cannot compensate plaintiff for constitutional remedies once they have occurred as procedure does not offer such remedy." On January 13, 2006, the defendants filed a reply. Hence it appears consideration of the motions is appropriate.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

In 1996, Congress passed the PLRA "[i]n response to an ever-growing number of prison-condition lawsuits that were threatening to overwhelm the capacity of the federal judiciary." Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 676 (4th Cir. 2005) citing Para-Prof'l Law Clinic v. Beard, 334 F.3d 301, 303 (3d Cir. 2003) ("Congress enacted the PLRA in an apparent effort ... to discourage prisoners from filing frivolous lawsuits which strain the judiciary's scarce resources..."); Doe v. Washington County, 150 F.3d 920, 924 (8th Cir. 1998) ("The PLRA was designed to discourage the initiation of litigation by a certain class of individuals-prisoners-that is otherwise motivated to bring frivolous complaints as a means of gaining a short sabbatical in the nearest Federal courthouse." (internal quotation marks omitted)).

The PLRA imposes a number of restrictions on an inmate's ability to initiate civil litigation. For example, after the PLRA, inmates can no longer use the in forma pauperis statute to avoid paying filing fees, but must instead pay all filing fees without regard to their financial status. See 28 U.S.C. § 1915(b)(1). The PLRA also authorizes a district court to sua sponte dismiss prison-condition lawsuits "if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

As a general rule, plaintiffs proceeding under § 1983 need not exhaust state administrative remedies before filing suit. See, Porter v. Nussle, 534 U.S. 516, 523, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Patsy v. Board of Regents, 457 U.S. 496, 516, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). The PLRA, however, reversed that rule as to prison-condition lawsuits. See, 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). There is no doubt that the PLRA's exhaustion requirement is mandatory. See, Porter, 534 U.S. at 524, 122 S.Ct. 983 ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. In short, the PLRA's exhaustion requirement applies to all inmate's suits about prison life, whether they involve general circumstances or particular

5

episodes, and whether they allege excessive force or some other wrong."

An inmate is not required to allege exhaustion of remedies in his complaint. Instead, an inmate's failure to exhaust his administrative remedies is an affirmative defense that should be pleaded or otherwise properly raised by the defendant. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 676 (4th Cir. 2005). Still, in Nasim v. Warden, 64 F.3d 951 (4th Cir. 1995)(en banc), the Fourth Circuit concluded that the district court's authority to sua sponte dismiss an in forma pauperis case as frivolous was broad enough to permit the court to dismiss a complaint on the basis of an affirmative defense that was apparent from the facts alleged in the complaint. See, id. at 954-55; see also, Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983)(affirming § 1915(d) dismissal of actions which appeared on their face to be barred by statute of limitations). The Anderson court noted, "While it seems unlikely that the failure to exhaust administrative remedies will often be apparent from the face of a complaint, it is certainly possible that a complaint may clearly show that an inmate has not exhausted his administrative remedies. In such a case, sua sponte dismissal under Nasim would be appropriate." Anderson, at 681, 682.

6

**DISCUSSION**

Here, in his complaint sworn under penalty of perjury, the plaintiff acknowledged that SCDC had a grievance procedure in place but that he had not filed a grievance concerning the matters which were the subject of his suit. The defendants properly pled in their answer the affirmative defense of failure to exhaust administrative remedies and then asserted it as a ground for judgment on the pleadings in their summary judgment motion and filed sworn affidavits attesting to the failure. The plaintiff does not contend that, nor has he forecast any evidence to show that, he did comply with the PLRA's requirement. He simply argued that he is not required to comply.

He is wrong. The matter should be dismissed without prejudice and counted as a "strike" pursuant to 28 U.S.C. § 1915(g). See, Kalinowski v. Bond, 358 F.3d 978, 979 (7th Cir.) (strike is properly entered where the plaintiff fails to exhaust administrative remedies), cert. denied, 125 S.Ct. 344 (2004).

**CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the action be dismissed without prejudice and the dismissal counted as a "strike."

Respectfully Submitted,

*/s/ Robert S. Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
January 25, 2006

7

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
&
## The **Serious Consequences** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, <u>but not thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

8