IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Vincent L. Barr, #245797, | ) | C.A. No. 2:05-1557-CMC-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Jon Ozmint, Director; Major Smith; | ) | |
| Captain C. Theodore; and Raymond Reed, | ) | |
| Warden, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate currently incarcerated in the South Carolina Department of Corrections, seeks restoration of good time credits, injunctive relief, and attorney's fees. Defendants filed a motion for summary judgment on December 15, 2005. Plaintiff responded to this motion on January 6, 2006.

In accordance with the court's order of reference, 28 U.S.C. § 636(b), and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Robert S. Carr for pre-trial proceedings and a Report and Recommendation. On January 25, 2006, the Magistrate Judge issued a Report recommending that the case be dismissed without prejudice and counted as a "strike" under 28 U.S.C. § 1915(g). The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on February 3, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.

*See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusion of the Magistrate Judge that this case should be dismissed. Plaintiff presents no legally relevant argument why this matter should not be dismissed for failure to exhaust administrative remedies.

Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order to the extent it recommends dismissal of this action for failure to exhaust administrative remedies. The court declines to adopt that portion of the Report and Recommendation which recommends deeming this case a "strike" under 28 U.S.C. § 1915(g).[1]

---

[1] The Magistrate Judge cites a Seventh Circuit Court of Appeals case, *Kalinowski v. Bond*, 358 F.3d 978 (7th Cir. 2004), *cert. denied*, 542 U.S. 907 (2004), for the proposition that failure to exhaust administrative remedies is a proper reason to count a case a "strike" under 28 U.S.C. § 1915(g). This court declines to adopt this portion of the Report and Recommendation. The district court in *Kalinowski* had "dismissed the complaint on multiple grounds, *including* failure to exhaust administrative remedies." *Kalinowski*, 358 F.3d at 978 (emphasis added). *Kalinowski* does not indicate that the district court had deemed the complaint a "strike" *because* of the Plaintiff's failure to exhaust administrative remedies. This court declines to make such a finding in the instant case.

This matter is dismissed without prejudice for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 14, 2006

C:\temp\notesE1EF34\~6979050.wpd